# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TAREK M. EISA,<br>                     Appellant, | DOCKET NUMBER<br>PH-315H-14-0887-I-1 |
| v. | |
| SOCIAL SECURITY<br>     ADMINISTRATION,<br>                     Agency. | DATE: July 2, 2015 |

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Tarek M. Eisa</u>, York, Pennsylvania, pro se.

<u>Dane Choe</u>, Baltimore, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2    The appellant timely filed a Board appeal of his August 16, 2014 termination from his GS-12 Information Technology Specialist position during his probationary period. Initial Appeal File (IAF), Tab 1. In the acknowledgment order, the administrative judge explained the appellant's burden to establish jurisdiction over his appeal by, among other ways, showing that he was terminated for preappointment reasons and that the agency failed to afford him the procedural protections set forth in 5 C.F.R. § 315.805. IAF, Tab 2 at 2-3; *see Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶¶ 13-14 (2005) (finding jurisdiction over a probationer's appeal of his termination for preappointment reasons where the agency failed to meet the regulatory requirements of section 315.805); *see also* 5 C.F.R. §§ 315.806(c), 1201.56(a)(2)(i) (the appellant bears the burden of establishing Board jurisdiction). The agency filed a motion to dismiss on the day that the record closed on the jurisdictional issue. IAF, Tab 7; *see* IAF, Tab 2 at 1, 4-5. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not raise any issues concerning the agency's failure to follow the procedures prescribed in section 315.805.[2] IAF, Tab 17, Initial Decision (ID) at 6.

¶3    In his petition for review, the appellant does not challenge the administrative judge's jurisdictional finding and instead argues the Board's failure to address the merits of his termination. Petition for Review (PFR) File, Tab 1. In an appeal under 5 C.F.R. § 315.806(c), the merits of the agency's decision to terminate the probationer are not before the Board. *Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 6 (2008); *Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 7 (2008). As previously noted, the appellant did not contend that the agency based his termination on either partisan political reasons or marital status. Although the appellant did not expressly argue that the

---

[2] The appellant did not allege that the agency based his termination on either partisan political reasons or marital status. *See* 5 C.F.R. § 315.806(b).

agency failed to follow the procedures of section 315.805, the agency conceded that it did not do so and the appellant was clearly terminated for preappointment reasons.  ID at 5.  Thus, our inquiry turns to whether the administrative judge erred by dismissing the appeal for lack of jurisdiction based on the appellant's failure to establish that the agency's procedural errors constituted harmful error.  *See Blount*, 109 M.S.P.R. 174, ¶ 6; *see also Hope*, 108 M.S.P.R. 6, ¶ 7.

¶4        An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Blount*, 109 M.S.P.R. 174, ¶ 7.  The administrative judge's order contained no notice of a jurisdictional requirement relating to harmful error.  The Board has found that an administrative judge's defective notice can be cured if the agency's pleadings contain the notice that was lacking in the acknowledgement order, *e.g.*, *Mitchell v. Department of Commerce*, 106 M.S.P.R. 648, ¶ 5 (2007), *aff'd*, 276 F. App'x 1007 (Fed. Cir. 2008), and, in this case, the agency discussed harmful error in its motion to dismiss, *see* IAF, Tab 7.  However, the agency filed its motion on the same day that the record closed on the jurisdictional issue and the terms of the acknowledgment order did not allow for the appellant to respond to it.  IAF, Tab 2 at 4-5; *see* ID at 2.  Moreover, the issue of jurisdiction is always before the Board and may be raised by any party or by the Board on its own motion at any time during Board proceedings.  *Coradeschi v. Department of Homeland Security*, 109 M.S.P.R. 591, ¶ 7 (2008), *aff'd*, 326 F. App'x 566 (Fed. Cir. 2009).

¶5        On the current record, we cannot determine whether the agency's failure to follow the procedures set forth in 5 C.F.R. § 315.805 constituted harmful error.  As described above, the administrative judge did not give the appellant proper notice of his burden to establish harmful error and, as a result, the appellant did not submit argument and evidence on the harmful procedural error issue, nor did the administrative judge determine whether there were factual issues requiring an evidentiary hearing for resolution.  On remand, the appellant will bear the burden

of establishing that the agency's failure to comply with section 315.805 resulted in harmful error, in that it "is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error," thus causing "substantial harm or prejudice" to his rights. *See Harris*, 99 M.S.P.R. 355, ¶¶ 14-15; *see also* 5 C.F.R. § 1201.56(c)(3).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.